**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UC Restaurant, LLC, ) | No. CV 05-1602-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County, a body of politic and ) political subdivision of the State of ) Arizona, ) | |
| Defendant. ) | |

Plaintiff UC Restaurant operates a business called Uncle Charlie's American Grill ("UC") and has brought a two-count complaint against Defendant Maricopa County claiming that it violated UC's substantive and procedural due process rights under the Fourteenth Amendment. Defendant Maricopa County has filed a Motion to Dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. for failure to state a claim. (Dkt. #3). After reviewing the papers, the Court issues the following ruling.

**I.   STANDARD OF REVIEW**

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997). Accordingly, the court will not dismiss a complaint unless it appears beyond a doubt that the claimant can prove no set of facts to support the claim that would entitle the claimant to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).   However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of

1 fact, or unreasonable inferences." <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir.2001). In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Wyler Summit P'ship v. Turner Broad. Sys. Inc.</u>, 135 F.3d 658, 661 (9th Cir. 1998). As such, an inquiry into the adequacy of the evidence is improper when deciding whether to dismiss for failure to state a claim. <u>Enesco Corp. v. Price/Costco, Inc.</u>, 146 F.3d 1083, 1085 (9th Cir. 1998).

A motion to dismiss is not a responsive pleading under Rule 15(a) of the Federal Rules of Civil Procedure. <u>Fitzgerald v. State of Arizona, et. al.</u>, No. 96-2077, 1997 WL 579193, at *3 (D. Ariz. July 9, 1997). A plaintiff may amend an original complaint as a matter of right before any responsive pleading is filed which generally renders a motion to dismiss the original complaint moot. <u>Id.</u> However, the Court may exercise its discretion to consider a motion to dismiss the original complaint where the amended complaint fails to cure the defects of the original complaint. <u>Id.</u> Here, Plaintiff's First Amended Complaint was filed with its Response to Defendant's Motion to Dismiss. (Dkt. #4&5). Plaintiff asserts the same claims in its Amended Complaint; however, has asserted several more allegations in support thereof. Defendant requests that the Court apply its Motion to dismiss to Plaintiff's Amended Complaint because Plaintiff has failed to cure the deficiencies that existed in its original complaint. However, as explained below, in applying Defendant's Motion to dismiss to Plaintiff's Amended Complaint it is clear that Plaintiff has stated a claim against Defendant.

**II.    FACTUAL BACKGROUND**

On February 23, 2005, UC was inspected by the Maricopa County Environmental Service Department and was cited for seven major violations ("subject citation"). (Plaintiff's First Amended Complaint ¶¶ 11-12). UC claims that the subject citation was and is without factual basis and that the reasons asserted by Maricopa were false or inaccurately represented (<u>Id.</u> at ¶ 13). Plaintiff further asserts that at the time the Defendant issued the subject citation against UC, the Defendant (1) did not have in place and in effect an appropriate procedure

1  for immediate appeal of the subject citation; (2) failed and refused to provide the Plaintiff an
2  opportunity for a hearing with respect to the legitimacy of the subject citation; (3) employed
3  a policy of issuing citations against businesses without providing an opportunity or
4  immediate appeal and/or hearing; (4) had in effect a policy of giving the broadcast media
5  immediate access to records of citations such as the subject citation; and (5) knew or should
6  have known that its policy failing to provide an "immediate right of appeal" and "immediate
7  media access" to citations would result in an infringement upon the Plaintiff's right to
8  contract and the Plaintiff's right to pursue its chosen occupation. (Id. at ¶¶ 14-20).

9       UC asserts that as a result of the subject citation and Maricopa's policy failing to
10 provide for an immediate right of appeal combined with it's policy of immediate media
11 access to citations, UC has suffered damages including substantial and continuing monetary
12 loss when featured on television in March, 2005 in a news segment called "Dirty Dining" (Id.
13 at ¶¶ 21-23). Plaintiff brings this action against Defendant for violation of substantive due
14 process rights and procedural due process rights under 42 U.S.C. § 1983 (Id. at ¶¶ 27-39).

15 **III.  DISCUSSION**

16      Defendant Maricopa County asserts that UC fails to state a municipal liability claim
17 under § 1983; fails to state a due process claim; and that Maricopa County has qualified
18 immunity. The Court disagrees.

19      **A.  Municipal Liability Claim Under § 1983**

20      Municipal liability depends upon its own wrongdoing, such as the enforcement of a
21 municipal policy, practice, custom, or decision of a policymaker that causes the violation of
22 the Plaintiff's federally protected rights. Monell v. Dept. of Social Services, 436 U.S. 658,
23 694, 98 S.Ct. 2018 (1978). To establish municipal liability under Section 1983, the plaintiff
24 must establish the existence of a municipal policy; that the enforcement of the policy caused
25 a deprivation of a federal right; and that the municipality committed "deliberate action" that
26 constitutes a "moving force" behind the plaintiff's deprivation of federal rights. Greenwalt
27 v. Sun City West Fire Dist., 250 F. Supp.2d 1200, 1215 (D. Ariz. 2003). While the plaintiff
28 must establish the existence of a municipal policy, he need not prove the policy facially

unconstitutional.  Id.  A policy can be established formally by: (1) a "policy, statement , ordinance, regulation or decision officially adopted and promulgated" by the municipality's lawmaking body; (2) a single edict or act by a municipal officer with final policy making authority; or (3) "a widespread custom or practice,".  See Id. at 1215-16.

Maricopa's assertion that UC failed to state a municipality claim under § 1983 is misplaced.  Taking Plaintiff's allegations as true, Maricopa enforced two municipal policies, practices or customs which may have caused the violation of UC's federally protected rights.  While it may be less likely that either policy, alone, would suffice to meet a violation of federally protected rights, together they arguably could serve as a questionable practice in violation of federally protected rights.  The two policies are (1) failure to allow a restaurant an immediate appeal or hearing upon issuance of a citation and (2) allowing the media to gain immediate access to such citations.  (First Am. Compl. ¶¶ 22, 23).  The policy of allowing the media immediate access to citations without first allowing a restaurant an immediate appeal or hearing upon distribution of the citation is enough to show that Maricopa had a policy, based on custom or practice, that may have violated UC's federally protected rights. Whether the policy displayed "deliberate indifference" is a question for the jury.  Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1478 (9th Cir. 1992).

In order for the policy to be the "moving force" behind UC's deprivation of federal rights, UC must establish that its injury would have been avoided if allowed a process for appeal and the media was restricted access until such appeal was concluded.  See Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1196 (9th Cir. 2002). UC alleges sufficient allegations that it would not have suffered any injury if Maricopa had simply restricted access to the media until an appeals process was concluded (First Amended Complaint ¶¶ 14-39).  Taking Plaintiff's allegations as true, Maricopa's policy could be deemed the "moving force" behind UC's deprivation of federal rights and a claim against Maricopa has been properly stated under Section 1983.  Thus, Defendant's Motion to Dismiss on this basis is

1 denied.

2 **B.   Stating a Due Process Claim**

3 The plaintiff must show a liberty or property interest protected by the Constitution in order to establish a substantive or procedural due process claim. Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 62 (9th Cir. 1994). Damage to the reputation of a business, without more, does not rise to the level of a constitutionally protected property interest. WMX Technologies, Inc. v. Miller, 197 F.3d 367, 376 (9th Cir. 1999). However, actual, direct interference with business goodwill is more than damaging to a business' reputation. Id. at 375. UC alleges that Maricopa violated UC's rights when it gave citations without offering a right of appeal and then immediately offered access of those citations to the media. The media disseminated the information to the public and doing so deprived UC of the expectation of continued patronage. (First. Amend. Compl. ¶¶ 20-21) see Id. at 376. These allegations are sufficiently analogous to the allegations set forth in Soranno's Gasco v. Morgan, 874 F.2d 1310 (9th Cir. 1989). In Sorrano's the Ninth Circuit noted that the defendant county officials actions of suspending the plaintiff corporation's permits and sending letters to plaintiff's customers informing them that plaintiff's permits were suspended and that plaintiff could not engage in business while under suspicion was sufficient to suggest the intrusion upon a property interest. Id. at 1317. The Ninth Circuit deemed it relevant that defendant's alleged actions involved actual, direct interference with business goodwill of the plaintiff. Id.; see also WMX, 197 F.3d at 375.

Similarly, in the present case, Plaintiff has asserted the requisite "direct interference" by alleging that Defendant followed its policy of issuing citations without immediate appeal while offering access of said citations to the media for public dissemination. Such allegations rise above the simple allegation of damage to Plaintiff's business. WMX, 197 F.3d at 376. Rather, these allegations properly state a due process claim and Defendant's motion to dismiss on this basis is denied.

**C.   Qualified Immunity**

1  Qualified immunity from a civil rights action is an entitlement not to stand trial or face the other burdens of litigation. Saucier v. Katz, 533 U.S. 194, 200, 121 S.Ct. 2151 (2001). The court must view all of the facts alleged in light most favorable to the party asserting the injury and determine if a "clearly established" constitutional right was violated. Id. at 201. A right is "clearly established" if a reasonable official would understand that what he was doing violated that right. Id. at 202.

Taking Plaintiff's allegations as true, UC was issued invalid or erroneous citations for health code violations, left without a right to appeal and subjected to scrutiny by the public because of Maricopa's policy to allow immediate access of such citations to the media. (First Am. Compl. ¶¶ 14-39). Maricopa's failure to provide an immediate method for appeal and subsequently allowing the information to be used by the media to be disseminated to the public could violate a "clearly established" constitutional property right to contract and pursue one's chosen occupation because of direct interference with business goodwill. WMX, 197 F.3d at 375 (citing Sorrano's Gasco v. Morgan, 874 F.2d 1310 (9th Cir. 1989)). Because this Court finds Plaintiff's allegations sufficient to suggest a violation of UC's rights under the due process clause, and because the unlawfulness of such violation of rights may be understood by a reasonable county employee and/or the county, qualified immunity for the county does not exist and the Motion to Dismiss is denied. See Sinaloa Lake Owners Ass'n v. City of Simi Valley, 70 F.3d 1095, 1099 (9th Cir. 1995) (stating that where there are questions as to what the official knew or did, these questions are for the jury to determine).

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendant's Motion to Dismiss. (Dkt. #3).

DATED this 3rd day of March, 2006.

_____
Mary H. Murguia
United States District Judge