**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UC Restaurant, LLC | ) | No. CIV 05-1602-PHX-MHM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Maricopa County, a body politic and political subdivision of the State of Arizona | ) ) ) | |
| Defendant. | ) ) | |

Currently before the Court is Plaintiff UC Restaurant, LLC's ("Plaintiff") Motion for Leave to File Second Amended Complaint (Dkt.#68); Plaintiff's Motion for an Extension of Time for Amendment of Pleadings (Dkt.#70); and Plaintiff's Motion to Strike Defendant's Supplemental Expert Disclosure Statement and Report of Leroy M. Gaintner. (Dkt.#70). After reviewing the pleadings, and finding oral argument to be unnecessary, the Court issues the following Order.

**I.     Plaintiff's Motion for Extension of Time for Amendment of Pleadings and Motion for Leave to File Second Amended Complaint.**

   **A.     Background**

On May 27, 2005, Plaintiff filed its initial complaint in this matter asserting claims of violations of Plaintiff's substantive and procedure due process rights under the Fourteenth Amendment stemming from a health inspection performed by the Defendant Maricopa

County ("Defendant"), by and through the Maricopa County Environmental Services Department. On July 11, 2005, Plaintiff filed its Amended Complaint asserting the same claims with additional allegations. Plaintiff's allegations focus on a February 23, 2005, health inspection performed by Defendant, through its employee, Ms. Mary Shaw, of Plaintiff's restaurant in which Plaintiff was cited for multiple health code violations, including seven major or critical violations. According to Plaintiff, upon receiving the violations, Plaintiff sought to appeal the violations in order to challenge their validity. However, upon seeking some sort of redress on administrative appeal, Plaintiff learned that Defendant possessed no such appeal procedures. Moreover, Plaintiff alleges that the Defendant made public the violations and turned the information over to the media culminating in Plaintiff being featured on the local news network referred to as the "Dirty Dining" segment portion of the broadcast. Plaintiff alleges that such practice by the Defendant is consistent with Defendant's policy and procedures in dealing with such health code violations.

On March 3, 2006, the Court denied Defendant's motion to dismiss Plaintiff's Amended Complaint finding that Plaintiff sufficiently stated its claims. (Dkt.#7). Defendant then timely filed its Answer on April 3, 2006, (Dkt.#8) and the Court subsequently set the Rule 16 Scheduling Conference to take place on May 11, 2006. (Dkt.#9). In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, the Parties conducted an initial case management meeting and timely submitted the joint case proposed case management plan with proposed order with respect to the agreed upon dates. (Dkt.#12). Notably, both Parties agreed upon and proposed June 30, 2006, to be the relevant deadline to file any motions to amend the pleadings. (Id.). On May 11, 2006, the Court conducted the Rule 16 Scheduling Conference and imposed the relevant dates to govern the prosecution of this case. Pursuant to the Parties' joint proposed date regarding motions to amend the pleadings, the Court imposed a deadline of June 30, 2006, for any such motions. The Court signed its written order establishing as much on May 19, 2006, which was filed and distributed on May 22, 2006. (Dkt.#20). However, on October 19, 2006, approximately four months after the June

30, 2006, deadline, Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint asserting additional claims of due process violations and allegations relating to a similar health code inspection by the Defendant on or about March 26, 2004.  With the instant Motion for Leave to Amend, Plaintiff also filed the instant Motion to extend the time to amend the pleadings.  Both motions are fully briefed.

### B.   Modification of the Court's Rule 16 Scheduling Order

Rule 16(b) of the Federal Rules of Civil Procedure sets forth that a Rule 16 scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge..."  As recognized by the Ninth Circuit, Rule 16(b)'s "'good cause'" standard primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).   "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15."  Id. (citation omitted).  Thus, "the district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (citing Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)).  If the party seeking modification was not diligent, "the inquiry should end." Id.[1]

As noted above, Plaintiff seeks to modify the Rule 16 Scheduling Order to permit Plaintiff to seek leave of the Court to file its proposed Second Amended Complaint.  Plaintiff's basis for intending to file the Second Amended Complaint is that it asserts new allegations and new due process claims not previously asserted in Plaintiff's Amended Complaint.  These new allegations and new claims are based primarily on information that Plaintiff claims was only recently discovered.  Specifically, the new information relates to a similar incident to that of the February 23, 2005, health code inspection depicted in Plaintiff's Amended Complaint. Plaintiff alleges that it only recently discovered that a March 26, 2004, inspection by the Defendant, by and through its employee, Ms. Shaw, is also

---

[1] Although not cited in Plaintiff's Motion, in Plaintiff's Reply brief to the Court, Plaintiff agrees with Defendant that the district court's inquiry is limited to the "good cause" inquiry with respect to modification of the Scheduling Order. (Dkt.#86, p.1).

1  subject to similar due process scrutiny. Plaintiff alleges that the March 26, 2004, inspection
2  was not mentioned in the Amended Complaint, because at the time of its filing, Plaintiff's
3  owner "had no idea, at that time, that he had a basis for a cause of action against the County
4  with respect to that March 26, 2004, inspection report." (Dkt.#70, p.7). Plaintiff claims that
5  it was only recently discovered in June of 2006, through initial discovery and depositions,
6  that the Defendant's conduct in March of 2004 was actionable as well.

7  Defendant on the other hand takes issue with respect to any notion of diligence
8  associated with Plaintiff's request to modify the Rule 16 Scheduling Order. First, the
9  Defendant argues that the facts supporting Plaintiff's proposed Second Amended Complaint
10 were known or could have been known through a reasonable inquiry well prior to Plaintiff's
11 request and the Court's May 11, 2006, Scheduling Conference. In addition, Defendant notes
12 that it was nearly four months after the Court's June 30, 2006, deadline that the Plaintiff
13 finally sought to modify the Court's Scheduling Order. Based upon this time line, the
14 Defendant questions any basis for a finding of diligence considering that it is undisputed that
15 the Plaintiff, at the latest, became aware of the information allegedly giving rise to an
16 amendment no later than June 14, 2006, more than two weeks prior to the motions to amend
17 the pleadings deadline.

18 After carefully reviewing the briefing and the arguments cited therein, the Court finds
19 itself in agreement with the Defendant on this issue as there does not exist the requisite "good
20 cause" to modify the Rule 16 Scheduling Order. The Court finds that Plaintiff fails to
21 demonstrate the requisite "diligence" in seeking to amend the Rule 16 deadline addressing
22 the motions to amend the pleadings deadline of June 30, 2006. This determination is
23 supported by the fact that, at the very latest, Plaintiff became aware of the allegedly new
24 information regarding the March 26, 2004, inspection on June 14, 2006, by and through
25 discovery. Even though the Plaintiff believed, or at the very least, was aware that such
26 information could support additional allegations and claims to the Amended Complaint, the
27 Plaintiff did not seek leave of the Court to amend or move to extend the Rule 16 deadline,
28 but rather permitted the deadline to expire more than two weeks later. Moreover, even after

the June 30, 2006, deadline, the Plaintiff did not seek to modify until nearly four months thereafter. Under such circumstances, where the information was known by Plaintiff prior to the deadline, but the Plaintiff did not act to timely seek leave to amend or extend the Rule 16 deadline and then did not seek to modify until nearly four months thereafter, the Court finds any degree of diligence is lacking.

The Court finds unavailing Plaintiff counsel's explanation that he understood his Rule 11 obligation to require him to have a good faith basis to assert a second amended complaint, which delayed his ability to seek an amendment of the Rule 16 deadlines. The Court agrees that Plaintiff's counsel is bound by Rule 11 with respect to the filing of any claims or allegations against the Defendant; however, the issue before the Court is focused on Plaintiff's diligence, or lack thereof, in seeking to amend or modify the Rule 16 Scheduling Order deadlines. Clearly, as of June 14, 2006, at the very latest, Plaintiff understood there was some basis to amend to include as actionable the March 26, 2004, inspection performed by Defendant. Thus, even if Plaintiff needed additional time to investigate the circumstances of the inspection, Plaintiff clearly could have informed the Court of the situation and sought leave to extend the June 30, 2006 deadline. However, rather than informing the Court and requesting to extend the deadline, Plaintiff simply allowed the time to expire. It was not until nearly four months thereafter that Plaintiff came before the Court seeking to extend the deadline. Moreover, after purportedly consulting with Plaintiff's experts regarding the March 26, 2004, inspection, and disclosing the expert reports on September 11, 2006, Plaintiff still did not seek to modify the deadline and leave to amend until some thirty-eight days later on October 19, 2006. Under such circumstances, the Court finds diligence is lacking. In Plaintiff's papers, Plaintiff's counsel cites a heavy work load and perhaps the possibility of being too thorough in investigating the March 26, 2004, inspection before seeking leave to file any amended complaint. In other words, Plaintiff argues that there is no basis to find that counsel was careless in handling this case. However, while the Court is not unsympathetic to the workload associated with practicing lawyers and Plaintiff's Rule 11 obligation, Plaintiff's argument misses the mark in terms of modification of the Rule 16 Scheduling

1   Order. There can be no doubt that Plaintiff was given sufficient time to move to extend the
2   motions to amend the pleadings deadline in the Court's Order, which was suggested and
3   agreed to by both parties. Moreover, the four month delay after the June 30, 2006, deadline
4   in bringing the motion to modify exemplifies the lack of diligence associated with this
5   request. See Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal 1999) (noting relevant
6   factor of diligence inquiry to be whether the moving party was diligent in seeking
7   amendment of the Rule 16 order, "once it became apparent that she could not comply with
8   the order."). As such, the Court finds that it is appropriate to deny Plaintiff's request to
9   extend the motions to amend the pleadings deadline imposed in the Court's order. See
10  Johnson, 975 F.2d at 610 (noting that the scheduling order "is not frivolous piece of paper,
11  idly entered..." and is imposed to assist in controlling the court's docket).

12              In addition to the lack of diligence associated with Plaintiff's request to modify, the
13  Court also finds it questionable as to whether the information discovered on June 14, 2006,
14  was in fact new information necessary to support an amendment to the pleadings. Plaintiff
15  states that through discovery it learned that prior to the time to the March 26, 2004,
16  inspection, the Defendant directed Ms. Shaw to "write more violations" as well as a greater
17  percentage of critical violations. (Plaintiff's Motion, Dkt.#70, Exhibit 6). Plaintiff also
18  allegedly discovered the Defendant's policy regarding economic incentive to its inspectors
19  for writing certain violations. (Id. Exhibit 7). However, it does not appear that this
20  information with respect to the March 26, 2004, inspection, was necessary to support the
21  filing of an amendment to the Amended Complaint filed on July 11, 2005. According to
22  Plaintiff, this new information forms the basis for additional due process claims based upon
23  the Defendant's lack of any policy to appeal cited violations that are inaccurate combined
24  with the Defendant's policy of simply turning over the violations to the media. However,
25  these same factors and allegations form the basis of Plaintiff's due process claims regarding
26  the February 23, 2005, inspection by Defendant. Based upon the allegations regarding the
27  February 23, 2005, inspection it seems reasonable that the earlier March 26, 2004, inspection
28  would also be subject to similar scrutiny. Plaintiff acknowledges that prior to discovery in

1  this case it was aware that the March 26, 2004, inspection occurred and that the results of the
2  inspection ended upon in the media through the local television station's "Dirty Dining"
3  segment. Apparently, the only information represented by the Plaintiff that was not known
4  at the time of the Amended Complaint was whether the March 26, 2004, inspection
5  violations possessed any basis in fact and the lack of any appeal procedure. According to
6  Plaintiff, at the time of the inspection and citations, Plaintiff's owner, based upon the alleged
7  representations of Ms. Shaw, was led to believe that the citations were valid and did not
8  pursue any appeal. However, with the new discovery highlighting the suspect citations
9  issued by Ms. Shaw, it has now allegedly come to light that the citations of March 26, 2004,
10 like the February 23, 2005 citations, were also without basis in fact. However, the Court
11 struggles to see how any of this new information learned in June of 2006 freshly raised the
12 allegations relating to the Mach 26, 2004, inspection. As with the aspects of the February
13 23, 2005, inspection, Plaintiff had the ability to determine whether there was any type of
14 appeal process offered by the Defendant with respect to citations. Moreover, Plaintiff's
15 owner signed the "Food Inspection Report" given to him detailing the citations given on
16 March 26, 2004. As such, Plaintiff had the ability to verify the accuracy of the citations
17 based upon Ms. Shaw's findings. Thus, in the Court's view, the Plaintiff had the ability to
18 discover the necessary information giving rise to the due process allegations regarding the
19 March 26, 2004, inspection prior to the Rule 16 Scheduling Conference in this case. This
20 determination also bears against Plaintiff's request to amend or modify the Rule 16
21 Scheduling Order. See Jackson, 186 F.R.D. at 608 (noting relevant factor of request to
22 modify pretrial order to be whether noncompliance with order resulted because of matters
23 that could not have reasonably been foreseen or anticipated at the time of the Rule 16
24 scheduling conference.).

25     Thus, the Court finds that Plaintiff has not demonstrated the requisite "good cause"
26 to modify the Scheduling Order to extend the time for seeking leave to amend the pleadings.
27 The Court finds that Plaintiff was not diligent in seeking to pursue an amendment of the
28 Scheduling Order  upon discovery of the alleged new information on June 14, 2006.

Moreover, the Court finds that the information relevant to the Plaintiff's new allegations and claims was known or could have been known prior to the Court's Rule 16 Scheduling Conference. Under such circumstances, a modification of the Rule 16 Scheduling Order is not warranted. As such, Plaintiff's related request for leave to file a Second Amended Complaint will be denied as well.

**II.     Plaintiff's Motion to Strike Defendant's Supplemental Expert Disclosure Statement and Report and Motion to Exclude Expert Witness.**

Plaintiff moves this Court to strike the Defendant's Supplemental Expert Disclosure Statement and Report of its expert witness Mr. Leroy M. Gaintner ("Mr. Gaintner") as well as moves to exclude Mr. Gaintner as an expert witness in this case. Plaintiff's basis for such relief is based upon the alleged late disclosure by Defendant of Mr. Gaintner as an expert witness. In the Court's Rule 16 Scheduling Order, the Court set Plaintiff's expert disclosure date for July 28, 2006, Defendant's expert disclosure date for August 31, 2006, and the "[d]isclosure of any rebuttal experts" for September 29, 2006. (Dkt.#20). The deadlines were modified and extended with several timely motions to extend the deadlines to now ultimately reflect the Defendant's expert disclosure deadline of October 30, 2006 with the disclosure of any rebuttal witnesses on November 30, 2006. (Dkt.#68). On October 30, 2006, Defendant identified two expert witnesses on the issue of liability; Messrs. George Nakamura and Allen Reich. On November 7, 2006, Defendant, through its Supplemental Disclosure Statement, identified Mr. Leroy M. Gaintner, also as an expert witness in this case. The Plaintiff has moved to strike Mr. Gaintner's report and exclude him as a witness in this case because of issues associated with the timeliness of Defendant's disclosure. Plaintiff contends that Defendant's failure to timely disclose Mr. Gaintner on or before October 30, 2006 justifies such a determination. In opposition to Plaintiff's request, Defendant takes issue with any notion of untimeliness and argues, in the alternative, that no prejudice could have resulted to Plaintiff from the allegedly disclosure.

In reviewing the arguments advanced by the Parties, it seems clear that the disclosure of Mr. Gaintner and his accompanying report are timely. As noted by Defendant, Mr.

- 8 -

1 Gaintner has been retained in this matter in the role as a rebuttal expert witness. A plain
2 reading of his expert report demonstrates that Mr. Gaintner's involvement in this suit will be
3 to rebut the expert findings and determinations by Plaintiff's expert witness on the issue of
4 damages, Mr. Eugene H. Cole, Jr.[2]  (Defendant's Response, Dkt.#100, Exhibits A & B).
5 Because Mr. Gaintner is involved in this case as a rebuttal expert, Defendant's disclosure
6 cannot be said to be untimely. Specifically, as noted above, the rebuttal expert disclosure
7 deadline identified by the Court was November 30, 2006. Here, Plaintiff received notice of
8 Mr. Gaintner and his report no later than November 9, 2006. In Plaintiff's reply, Plaintiff
9 appears to argue, that rebuttal experts are reserved only for a plaintiff in response to any
10 experts identified by a defendant. However, this view is misplaced in the scope of the
11 discovery process nor does Plaintiff cite any authority to support its position. For instance,
12 the advisory comments, to Rule 26(a)(2) note that with respect to the timing of disclosure of
13 expert witnesses that "an additional 30 days is allowed ... for disclosure of expert testimony
14 to be used solely to contradict or rebut the testimony that may be presented by another party's
15 expert."  Notably, the comment speaks in broad terms regarding the disclosure of rebuttal
16 expert witness and applies to the rebuttal of either party's expert. Thus, in this case, because
17 Plaintiff has designated its expert witness on the issue of damages, the Defendant is clearly
18 entitled to designate a rebuttal witness to rebut Plaintiff's expert witness. <u>Mabrey v. United</u>
19 <u>States</u>, 2006 WL 1891127 * 4 (D. Nev. 2006) (Slip Copy) (noting that pursuant to Rule
20 26(a)(2), the defendant was entitled to disclose its expert witnesses on rebuttal if its experts'
21 opinions were intended to contradict or rebut evidence on the same subject matter by
22 plaintiff's expert witnesses). The Court's Scheduling Order makes no suggestion that only
23 Plaintiff would have the opportunity to submit rebuttal experts, rather the language is broad
24 in stating "[d]isclosure of any rebuttal experts..." (Dkt.#20). Thus, because Defendant timely

---

[2] Both Mr. Gaintner and Mr. Cole are Certified Public Accountants serving as experts in this case addressing the issue of damages.

1  disclosed Mr. Gaintner as a rebuttal expert witness in this case, there is no basis to strike him
2  or his testimony as untimely.
3  **Accordingly,**
4  **IT IS HEREBY ORDERED** denying Plaintiff's Motion for an Extension of Time for
5  Amendment of Pleadings. (Dkt.#70). As a result, Plaintiff's Motion for Leave to File Second
6  Amended Complaint is also denied. (Dkt.#68);
7  **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Strike Defendant's
8  Supplemental Expert Disclosure Statement and Report of Leroy M. Gaintner. (Dkt.#87).
9  DATED this 7th day of February, 2007.

_____
Mary H. Murgula
United States District Judge